SUMMARY ORDER
Defendants-appellants Michael and Alex Mitselmakher (collectively “the Mitselmakhers”) appeal from a memorandum decision and order of the United States District Court for the Eastern District of New York (Cogan, J.) dated November 20, 2008, 2008 WL 5068609, denying their motion for attorneys’ fees and expenses brought pursuant to the Hyde Amendment. We assume the parties’ familiarity with the un *650 derlying facts and procedural history of this case.
The Hyde Amendment was “enacted as part of P.L. 105-119, the $31.8 billion Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1998, and is found as a statutory note to 18 U.S.C. § 3006A.” United States v. Schneider, 395 F.3d 78, 85 (2d Cir.2005) (internal quotation marks omitted). It provides that a court may award a “reasonable attorney’s fee and other litigation expenses” to a defendant who prevails in a criminal case “where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.” Id. at 85-86 (quoting Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519).
This Court has never “parse[d] the precise meaning” of the terms “vexatious,” “frivolous,” or “in bad faith,” see id. at 86, nor need it do so here, because this case “clearly falls short of the type of abusive prosecutorial conduct that would trigger Hyde Amendment liability.” Id.
One of the Mitselmakhers’ principal arguments is that the government pursued a theory of entrapment that “was foreclosed by precedent and obviously wrong.” We agree with the district court, however, that the evidence could have supported the government’s theory that the Mitselmakhers were predisposed to commit the charged offense. See, e.g., United States v. Brand, 467 F.3d 179, 190-91 (2d Cir.2006). We note further that the Mitselmakhers’ argument that the government’s case was predicated on the “twelfth recorded conversation” is belied by the totality of the evidence, which demonstrates that the government relied on many of the recorded conversations in presenting its case to the jury.
We acknowledge the district court’s criticism of the government’s conduct in this case, criticism that the government appears to concede was warranted. But we ultimately agree with the district court’s conclusion that had the jury credited the government’s evidence, the Mitselmakhers could have been convicted of the crimes with which they were charged. Given those circumstances, we do not believe that the district court erred when it denied the Mitselmakhers’ motion for attorneys’ fees and expenses.
We have considered all of the Mitselmakhers’ arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.